LAWRENCE A. MOONEY *vs.* JOHN A. WHITE.

AUGUST 10, 1953.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

O'CONNELL, J.  This action of the case in assumpsit was tried before a justice of the superior court sitting with a jury and resulted in a verdict for the plaintiff in the sum of $1,691.92.  Thereafter the defendant's motion for a new trial was denied and he duly prosecuted his bill of exceptions to this court.

The plaintiff's declaration is in three counts, the first two being based upon an alleged oral contract of employment and the third consisting of the common counts.  In support of his claim plaintiff testified that early in the year 1949 he entered into an oral agreement with defendant to perform certain work for the latter in connection with the publication of a booklet known as the "Contractors Guide and Directory," which was published annually under the general auspices of the International Union of Operating Engineers, Local No. 57 A. F. of L.; that he had previously worked for defendant in the publication of similar booklets, starting first in 1940 or 1941; that in 1949 he agreed with defendant to help in preparing the 1950 book for publication, to procure advertising, and to collect unpaid bills for advertisements published in prior books; and that for such work as he performed under this agreement he was entitled to receive from defendant the sum of $1,530.70 together with interest thereon, amounting in all to $1,691.92.

The defendant, who was present in the courtroom during the trial, did not take the witness stand to refute the testimony of the plaintiff.  He presented only one witness, Henry W. Bishop, recording correspondence secretary of Local No. 57, who testified that although that Local had contracted for the publication of the Contractors Guide and Directory in certain previous years, it had not entered into any contract for the publication of the 1950 book.

The defendant's bill of exceptions contains certain excep-

tions to evidentiary rulings, but they were neither briefed nor argued and are therefore deemed to be waived. The only exceptions before us for consideration are those to the trial justice's denials of defendant's motions for a directed verdict and for a new trial. As to the former, we see no merit in the exception. The plaintiff had repeatedly stated during his examination that he was employed by defendant personally and not by Local No. 57. Such testimony was not changed by cross-examination. The defendant argues that the testimony of Bishop proves that plaintiff had sued the wrong defendant and had exonerated him from any personal liability. On the conflicting evidence thus presented, the trial justice in passing on defendant's motion for a directed verdict was obligated to construe the testimony most favorably to plaintiff. In our opinion his refusal to direct a verdict for defendant did not constitute reversible error and the exception thereto is overruled.

In denying defendant's motion for a new trial the trial justice pointed out that the greater part of plaintiff's testimony was not contradicted and contained no inherent improbabilities; that there was nothing in the attitude of plaintiff or in the character of his testimony that would reasonably cause a doubt as to his credibility; and that the testimony of the recording correspondence secretary of the Local was not particularly persuasive. The trial justice further stated that he had considered the evidence, the weight thereof, and the credibility of the witnesses, and in his independent judgment the verdict of the jury was fully warranted and did substantial justice between the parties.

In our opinion the issue was a simple one of fact to be determined in the first instance by the jury. In the charge to the jury, to which no exception was taken, the trial justice pointed out that the controlling issue was whether defendant in his personal capacity had engaged the services of plaintiff or whether he was then acting as an agent or representative of Local No. 57. The jury found in accord

with such instruction that defendant *personally* had engaged plaintiff. We have carefully reviewed the evidence and we cannot say that the trial justice in approving that verdict either overlooked or misconceived any material evidence, or that his decision was clearly wrong. The exception thereto is therefore overruled.

All of the defendant's exceptions are overruled, and the case is remitted to the superior court for entry of judgment on the verdict.

*Charles A. Curran,* for plaintiff.

*Coffey, Ward, Hoban & McGovern, Matthew E. Ward,* for defendant.